# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:14-CR-254 |
| vs. | MEMORANDUM AND ORDER |
| JUAN REYNALDO MEDINA-PARRA, | |
| Defendant. | |

This matter is before the Court on the defendant's objection (filing 51) to the presentence investigation report (PSR). The defendant's objection will be overruled.

At issue is the defendant's criminal history calculation. The PSR assesses the defendant two criminal history points for a 2007 Arizona felony conviction of attempted transportation of marijuana for sale. *See* filing 55-1. Two points were assessed based on the probation office's determination that the defendant had been sentenced to 166 days' imprisonment for that offense. *See* U.S.S.G. § 4A1.1(b); *see also* U.S.S.G. § 4A1.2(b). Unfortunately, this puts the parties' plea agreement at risk: they agreed, pursuant to Fed. R. Crim. P. 11(c)(1)(C), to a sentence of 44 months' imprisonment. Filing 47 at 4. That agreement was "based on the defendant's role in the offense, criminal history, safety valve eligibility, and acceptance of responsibility." Filing 47 at 4. But with two criminal history points, the defendant is not safety-valve eligible. *See*, 18 U.S.C. § 3553(f)(1); U.S.S.G. § 5C1.2(a)(1). And without the safety valve, the defendant is subject to a 10-year mandatory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(A).

The defendant argues that one point should be assessed for the 2007 conviction. Filing 55 at 2. He contends that he was arrested and detained, pending trial, on an immigration detainer, then he pled guilty pursuant to a plea agreement. Filing 55 at 1. The Arizona court imposed a suspended sentence and placed the defendant on probation, ordering him to "serve 166 days in the La Paz County Jail with credit for 166 days previously served." Filing 55-1. The defendant argues that "his 166 day pre-sentence confinement" is not a "'sentence of imprisonment'" within the meaning of U.S.S.G. § 4A1.2(b). Filing 55 at 2.

The Court is sympathetic to the defendant's argument. It is fair to think that the defendant's 166-day sentence was based on the speed of case progression, as opposed to his criminal culpability. Had the case progressed more quickly, or had the defendant been released on bond, his sentence of imprisonment might well have been shorter. But regrettably, that is not what happened. And based on what *did* happen, the law is clear: the defendant served a sentence of 166 days' imprisonment, resulting in the assessment of two criminal history points under the Guidelines. *See United States v. Drake*, 942 F.2d 517, 518 (8th Cir. 1991); *see also*, *United States v. Fernandez*, 743 F.3d 453, 457 (5th Cir. 2014); *United States v. Roark*, 403 F. App'x 1, 8 (6th Cir. 2010); *United States v. D'Oliveira*, 402 F.3d 130, 132-33 (2d Cir. 2005); *United States v. Melendez*, 88 F. App'x 529, 534 (3d Cir. 2004); *United States v. Cruz-Alcala*, 338 F.3d 1194, 1199-1200 (10th Cir. 2003); *United States v. Atkinson*, 15 F.3d 715, 721 (7th Cir. 1994). The defendant's objection to the PSR must, therefore, be overruled.

IT IS ORDERED:

1. The defendant's objection (filing 51) to the PSR is overruled.

2. The defendant will be assessed two criminal history points for his 2007 felony conviction.

Dated this 2nd day of December, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge